UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **PERRYVILLE GAS STORAGE, LLC** | **CIVIL ACTION 11-1883** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **DAWSON FARMS, LLC** | **MAG. JUDGE KAREN L. HAYES** |

**RULING**

Pending before the Court is Plaintiff Perryville Gas Storage, LLC's ("Perryville") Motion for Proportionate Assessment of Cost of Bond Premium ("Motion for Assessment") [Doc. No. 78] and Motion for an Offset of the Proportionate Assessment of Cost of Bond Premium Against the Judgment ("Motion for Offset") [Doc. No. 101]. For the following reasons, Perryville's Motion for Assessment and Motion for Offset are GRANTED. An offset of $48,641.25 is hereby ORDERED against Defendant Dawson Farms, LLC's ("Dawson Farms") damages award of $470,952.03, thereby reducing the total damages awarded to $422,310.78.

On October 25, 2011, Perryville, a natural gas company, brought suit against Dawson Farms, an entity in the business of growing, harvesting, curing, packing and marketing sweet potatoes. Perryville sought condemnation of Dawson Farms' property for the construction and maintenance of an interstate natural gas storage facility and associated facilities.

A hearing was set for December 1, 2011, on Perryville's Motion for Confirmation of Condemnation and for Preliminary and Permanent Injunction [Doc. No. 5]. On that date, the parties met and reached agreement on the Court's granting of Perryville's motion, subject to certain stipulated conditions. The Court entered an Order [Doc. No. 18], granting Perryville's

motion, which permitted it access to Dawson Farms' property to conduct surveying and other preparatory activities prior to May 1, 2012, and to commence construction-related activities beginning May 1, 2012. The parties' stipulations were made part of the Order and provided in pertinent part:

> (1) Perryville Storage will post a bond in the amount of $3.9 million;
>
> . . .
>
> (4) At the bench trial, the Court will determine the amount of compensation for all damages associated with the 2012 crop year;
>
> (5) At the conclusion of trial, based on the damages determined, the Court will assess the costs of the bond premium proportionately[.]

[Doc. No. 18]. The amount of the bond was based on the estimate of losses made by Dawson Farms' principal, Lev Dawson ("Dawson").

As stipulated, Perryville posted a bond in the amount of $3.9 million, which was filed with the Court on December 19, 2011. The bond had an annual premium of $78,000.00, 2% of the total amount of the bond.

On October 5, 2012, Perryville filed the pending Motion for Assessment, arguing that, pursuant to the December 1, 2011 Order and the parties' stipulations, the Court should order Dawson Farms to pay a proportionate portion of the bond once damages were determined. On October 10, 2012, Dawson Farms filed an opposition memorandum [Doc. No. 84] arguing that "[a]t the time the bond was posted, Dawson Farms included both the revenues it would lose and the cost to plant the crop, as that is the amount of loss Dawson Farms would have sustained from Perryville's construction activities." Therefore, Dawson Farms argued that no assessment was necessary. Both parties agreed, however, that the ruling on the Motion for Assessment should be

deferred until after the trial on Dawson Farms' damages.

A bench trial was held October 15-17, 2012, for the Court to consider evidence on just compensation due to Dawson Farms. The parties made closing arguments, but waived the filing of post-trial briefs. The Court then took the case, including the Motion for Assessment, under advisement. [Doc. No. 94].

On November 13, 2012, the Court issued an Opinion [Doc. No. 97]. The Court determined the fair market value of Perryville's permanent and temporary servitudes and rights of way across Dawson Farms' properties to be $30,272, and awarded that amount to Dawson Farms as just compensation for the taking.

Additionally, the Court determined that Dawson Farms was entitled to an award of other damages as follows:

> The Court determines that Dawson Farms reasonably mitigated its damages, based on the facts available to it, by leasing those portions of the Magruder and Santiago fields which it reasonably anticipated would be affected by Perryville's activities. Thus, Dawson Farms is entitled to recover a portion of the sweet potato crop damages.
>
> The Court finds that, based on the drainage and irrigation issues, Dawson Farms was reasonable in leasing the Santiago field to Cook for the planting of corn. The Court has considered that a small, approximately 20-acre plot might have been planted in sweet potatoes, but, under the circumstances, it was not an unreasonable failure to mitigate for Dawson Farms to lease the entire field to Cook. Excluding the 100.2 acres which would have been planted in corn in 2012 anyway, Dawson Farms is entitled to recover sweet potato crop damages on 166. 4 acres.
>
> The Court further determines that Dawson Farms reasonably mitigated its damages by leasing those portions of the Magruder Field in Section 11, totaling 112.8 acres, to Cook. Dawson Farms unreasonably failed to mitigate its damages by leasing those portions of the Magruder field in Section 12, which would not have been affected by Perryville's activities. Dawson Farms cannot recover sweet potato crop damages for these acres. Thus, Dawson Farms is entitled to recover sweet potato crop damages on 166.4 acres.

> In total, applying the factual determinations set forth above, the Court found that Dawson Farms could have sold their 2012 sweet potato crop on Santiago for $724,194.43, and its crop on Magruder for $699,840.53. The Court then reduced that total amount by costs of production of $922,518.68 and the amount of the lease payment from Cook in the amount of $79,467.00. Thus, Dawson Farms is entitled to a total sweet potato crop damages award in the amount of $422,049.28.
>
> In addition, the Court finds that Dawson Farms is entitled to an award of damages for land leveling and drainage cleaning in the amount of $9,288.76 and for soil restoration in the amount of $5,001.64, respectively.
>
> Finally, as stipulated by the parties, Dawson Farms is also entitled to damages on 8.7317 acres of its corn crop at $497.08 per acre for a total of $4,340.35.
>
> In total, after costs and offsets, the Court awards Dawson Farms other damages, in addition to the taking, in the amount of $440,680.03.

[Doc. No. 97, pp. 15-16]. With the addition of the takings award, the Court awarded total damages to Dawson Farms in the amount of $470,952.03.

As part of the Opinion and Judgment, the Court also ordered Perryville to file a supplemental memorandum and any evidence in support of its Motion for Assessment within fourteen (14) days of the date of Judgment. The Court ordered Dawson Farms to file any supplemental opposition memorandum and supporting evidence within fourteen (14) days from the date Perryville's supplemental memorandum and evidence were filed.

On November 27, 2012, Perryville timely filed its Supplemental Memorandum [Doc. No. 99], supported with an affidavit from Kristin Leigh Hager, an Account Manager in the Surety Department of Lockton Companies, LLC. Ms. Hager avers that the annual premium on bonds is 2% of the bond amount, annually. There is no refund on the bond in the first year, even if the bond is released early. According to Ms. Hager, the bond on $471,000, the approximate total

damages awarded in this case, would have been $9,420. Therefore, Perryville seeks an assessment against Dawson Farms of $68,850, the difference between the bond on $3,900,000 and the bond on $471,000.

On December 10, 2012, Dawson Farms filed a Supplemental Memorandum [Doc. No. 100] in opposition to the Motion for Assessment. Dawson Farms contends that it should not be assessed the amount sought by Perryville. Dawson Farms cites the Court's Opinion that it acted reasonably in leasing the Magruder and Santiago fields for corn production and points out that its decision to mitigate resulted in the savings of lost production costs of $922,518.68, as well as providing income of $74,467 from the lease. Therefore, Dawson Farms argues that it should bear only a "small share of the $78,000.00 bond premium." Dawson Farms suggests that 10% of the bond or $7,800.00 would be appropriate.

On December 13, 2012, Perryville filed its Motion for Offset. Perryville moves the Court to offset the proportionate assessment of the bond premium against the just compensation damages awarded to Dawson Farms in the Court's November 13, 2012 Opinion and Judgment. Dawson Farms gave the Court oral notice that it does not oppose this motion.

Having reviewed the record and the arguments of counsel, the Court finds that Perryville is entitled to relief on its Motion for Assessment, and that motion is GRANTED. It is clear that, based on the stipulations contained in the Court's December 1, 2011 Order, the parties and the Court intended that Dawson Farms be assessed its proportionate share of the bond premium after the Court rendered a final determination on damages. Additionally, the Court has determined that damages are due to Dawson Farms in the amount of $470,952.03.

However, the Court agrees with Dawson Farms that the proportionate assessment should

take into consideration its reasonable mitigation of damages. By taking the damages award of $470,952.03 and adding the production cost savings of $922,518.68, as well as the lease income of $74,467.00, the Court arrives at a total figure of $1,467,937.71. The annual bond premium on that figure, based on the affidavit of Ms. Hager, would have cost $29,358,75. Thus, Perryville is entitled to a proportionate assessment against Dawson Farms in the amount of $48,641.25, the difference between the amount it paid for a $3,900,000 bond and the amount it would have paid for a $1,467,937.71 bond.

Perryville's unopposed Motion for Offset is also GRANTED. The Court hereby ORDERS an offset of $48,641.25 against Dawson Farms' damages award of $470,952.03, thereby reducing the total damages awarded to $422,310.78.

MONROE, LOUISIANA, this 19th day of December, 2012.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE